GARCIA RAINEY BLANK & BOWERBANK LLP
A Limited Liability Partnership
JEFFREY M. BLANK, Cal. Bar No. 217522
jblank@garciarainey.com
NORMA V. GARCIA, Cal. Bar No. 223512
ngarciaguillen@garciarainey.com
695 Town Center Drive, Suite 700
Costa Mesa, California 92626-1993
Telephone: 714.382.7000
Facsimile: 714.784.0031

Attorneys for Plaintiff
NOODLE TIME, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOODLE TIME, INC., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>BENIHIBACHI, a California corporation.<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br>**(1) BREACH OF CONTRACT (SETTLEMENT AGREEMENT);**<br>**(2) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND**<br>**(3) FRAUD IN THE INDUCEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, NOODLE TIME, INC. ("Plaintiff" or "NT"), a Florida corporation, by and through its undersigned counsel, files this complaint against Defendant BENIHIBACHI, a California corporation ("Defendant" or "Benihibachi"). In support of its claims, Plaintiff alleges, in on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**STATEMENT OF CASE**

1. This is a civil action by Plaintiff against Defendant seeking damages sustained by Plaintiff, contractual damages, and costs and attorneys' fees of this action, among other relief, all arising from Defendant's breach of the settlement agreement dated May 1, 2021 between Plaintiff and Defendant ("Settlement Agreement") and attached hereto as Exhibit A.

**JURISDICTION AND VENUE**

2. This action arises under California common law.

3. This Court has jurisdiction over Plaintiff's claims against Defendant because Plaintiff and Defendant expressly agreed to submit to the jurisdiction of this Court for any dispute arising out of the Settlement Agreement which resolved a case in this District, in Section 18 of the Settlement Agreement.

4. This Court has personal jurisdiction over Defendant because Defendant does business in the State of California and because the willful actions herein took place in the State of California and this District.

5. Venue is proper in this District because Plaintiff and Defendant expressly agreed, pursuant to Section 18 of the Settlement Agreement, which states that "[a]ny dispute or controversy arising out of or relating to this Agreement shall be commenced and heard only in United States District Court for the Central District of California."

6. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because the facts giving rise to the claims alleged herein occurred in this judicial

district, and Defendant is a California corporation, with the capacity to be sued under applicable law.

7. Plaintiff has engaged undersigned counsel and has agreed to pay undersigned counsel reasonable attorneys' fees for all services rendered in this action and otherwise in connection with enforcing Plaintiff's contractual rights, which are concerning Plaintiff's underlying intellectual property rights.

## THE PARTIES

8. Plaintiff NOODLE TIME, INC. is a Delaware corporation with a business address of 21500 Biscayne Boulevard, Suite 900, Aventura, FL 33180. Noodle Time is the owner and licensor of various registered trademarks (identified in the Settlement Agreement, and attached hereto as Exhibit B) ("**BENIHANA®** Trademarks") used in the United States, South America, Central America and the Caribbean in connection with the franchising and operation of **BENIHANA®** restaurants and restaurant services. Plaintiff, by and through its related companies (hereinafter collectively "Plaintiff") does business in the State of California and has licensed and/or franchised **BENIHANA®** restaurants located throughout California namely in the cities of Anaheim, Burlingame, Carlsbad, Carson, Chino Hills, Concord, Corona, Cupertino, Encino, Downey, Monterey, Ontario, Newport Beach, Puente Hills, San Diego, San Francisco, Santa Anita, Santa Monica, Torrance, and Tustin.

9. Upon information and belief, Defendant BENIHIBACHI ("Defendant") is a California corporation with a principal address of 9901 Foothill Blvd., Sylmar, CA 91342.

10. Upon information and belief, Defendant owns and/or operates, individually and/or collectively, at least five (5) food truck locations offering take-out restaurant and food catering services in Las Vegas, Nevada, and/or the following locations in California: 6423 Hollywood Blvd, Hollywood, CA 90028; 950 S. Figueroa Blvd, Los Angeles, CA 90015; 1776 Broadway, Oakland, CA 94612; 95 S.

Pine Avenue, Long Beach, CA 90802; 150 Ocean Blvd, Long Beach, CA 90802; 5473 Mission Blvd, Riverside, CA 92509; and (individually and/or collectively, the "Food Trucks").

**FACTS COMMON TO ALL COUNTS**

11. On November 20, 2020, Plaintiff filed a complaint in the United States District Court for the Central District of California against Defendant alleging trademark infringement, false designation of origin, California statutory unfair competition, trademark dilution, intentional interference with prospective economic relations, negligent interference with prospective economic relations, unfair competition, and other related claims ("Complaint") with respect to Defendant's unauthorized use of the of marks, names, and slogans BENIHIBACHI, BENIHIBACHI GRILL, BENIHIBACHILV, @benihibachi, @benihibachilv, www.benihibachi.com (individually and/or collectively "Defendant's Marks") in connection with the marketing, advertising, promotion, offering for sale, and/or sale of Defendant's goods and services. The action was entitled *Noodle Time, Inc. v. Benihibachi*, Case No. 2:20-CV-10612 (the "Action").

12. The Complaint alleges, in summary, that Defendant owned and operated the Food Trucks offering take-out restaurant and catering services located in the State of California, and Defendant adopted and began using Defendant's Marks in United States commerce since about October 2018 when Defendant opened its first Food Truck. Plaintiff alleged that Defendant's Marks were confusingly similar to the **BENIHANA®** Marks, and that Defendant provided, marketed, advertising, promoted, offered for sale, and sold under Defendant's Marks goods and services that were and are competitive to and with Plaintiff's goods and services. Further, Defendant had at least been on constructive notice of Plaintiff's **BENIHANA®** Marks due to the issuance by the United States Patent and Trademark Office of federal

trademark registrations for the **BENIHANA®** Marks. Plaintiff provided examples of Defendant's use of Defendant's Marks and misuse of the BENIHANA® Marks.

13. On May 1, 2021, Plaintiff and Defendant entered into the Settlement Agreement to resolve the underlying dispute that was the subject of the Action.

14. Section 5 of the Settlement Agreement (Sections (i), (iv) and (v)) state, in part:

> "5. No Further Use. Upon the Effective Date of this Agreement and thereafter, Benihibachi, its principals, officers, general partners, limited partners, shareholders, and owners, employees, agents, representatives, parents, affiliates, divisions, subsidiaries, successors, vendees, transferees, and/or assigns agrees to, individually and collectively on a worldwide basis, immediately and/or permanently refrain from, directly and indirectly (emphasis added):
>
> (i) registering, attempting to register, using, renewing, maintaining, purchasing, or acquiring any rights in **any names, trademarks, trade dress, domain names, trade names, corporate names, fictitious names, consisting of, in whole or in part, the Alleged Infringing Marks**, the word BENI, the **BENIHANA®** Trademarks, or any other similar word or designation, alone or in combination with other words and/or design elements, any colorable imitations thereof, **and/or any names or source indicia confusingly similar thereto**, in connection with restaurant services and/or related goods/services; and…
>
> (iv) using in any manner, advertising, promoting, selling or offering to sell, or authorizing others to do so, the Alleged Infringing Marks, the word BENI, the **BENIHANA®** Trademarks, any colorable imitations thereof, and /or any other words, phrases, trade dress, or symbols that are confusingly similar thereto in connection with the **BENIHANA®** Services or related goods and services; and…
>
> (v) in connection with any food products, restaurant services and/ or related goods and services of any kind…. displaying and/or using in any manner, the Alleging Infringing Marks, the word BENI, the **BENIHANA®** Trademarks, any colorable imitations thereof, and/or any other names confusingly similar thereto, alone and/or in combination with other words and/or design elements…"

15. Under the terms of the Settlement Agreement, Defendant is prohibited from using certain marks in any manner, including the operation of its business, which are defined as "Alleged Infringing Marks." On information and belief, Defendant has adopted and is wrongfully using one or more of the "Alleged Infringing Marks" identified in the Settlement Agreement. For example, Defendant is using a Food Truck with "BENIHIBACHI" emblazoned on the entire side of the vehicle, to identify Defendant's restaurant services. A photograph of this Food Truck, taken in Los Angeles in February 2022 is attached hereto as Exhibit C. The Food Truck advertises Defendant's several Benihibachi locations: Hollywood, Fairfax, Downtown, Long Beach, Oakland and San Jose. On information and belief, Defendant operates multiple Food Trucks not only in California, but in multiple states, including Nevada. Defendant's Food Truck that is blatantly operating in Los Angeles is just one instance of Defendant's brash use and display of the Alleged Infringing Marks in contravention of both the express terms, and the spirit and intent of the Settlement Agreement.

16. In addition, on information and belief, Defendant is using at least one mark, "BEHIBACHI," which is confusingly similar to the prohibited mark, "BENIHIBACHI," in connection with its continued operation of the Food Trucks.

17. Defendant's uses of BENIHIBACHI and BEHIBACHI are in breach of Sections 5(i), 5(iv) and 5(v) of the Settlement Agreement, among others. The word "BEHIBACHI" is confusingly similar to the word "BENIHIBACHI," which Defendant is clearly prohibited from using pursuant to the Settlement Agreement. In fact, the term "BENIHIBACHI" still appears in search engine results and linking to BEHIBACHI, which prevents Plaintiff from obtaining the benefits of the Settlement Agreement.

18. Due to Defendant's actions and breach of the Settlement Agreement, its covenant of good faith and fair dealing, and commission of fraud in the inducement,

on or about January 3, 2022, counsel for Plaintiff sent a Notice of Settlement Non-Compliance and Breach to counsel for Defendant in accordance with Section 13 of the Settlement Agreement, detailing Defendant's breaches and offending actions. Defendant did not cure its breaches or cease using the Alleged Infringing Marks, causing Defendant's Material Breach under the Settlement Agreement, and necessitating this action.

19. In addition to other relief, Section 13 of the Settlement Agreement obligates Defendant to pay two thousand five hundred dollars ($2,500) to Plaintiff, plus prejudgment and post judgment interest, for each Material Breach, as liquidated damages.

## COUNT 1: BREACH OF CONTRACT

20. Plaintiff hereby repeats, realleges, and incorporates by reference, as though fully set out herein, the allegations contained in Paragraphs 1 through 18 above.

21. The Settlement Agreement is a binding and enforceable contract between Plaintiff and Defendant, which is attached hereto as Exhibit A.

22. Plaintiff performed all or substantially all of the actions that the Settlement Agreement required Plaintiff to perform.

23. Defendant breached the Settlement Agreement by failing to refrain from using the Alleged Infringing Marks (including, without limitation, BENIHIBACHI and BEHIBACHI) on its Food Trucks, and in its Internet and social media listings, among other things.

24. Defendant continues to breach the Settlement Agreement by refusing to comply with the prohibitions set forth, including in Section 5 of the Settlement Agreement, which obligates Defendant to cease using the Alleged Infringing Marks and any mark similar thereto that may cause consumer confusion as to the owner of the Food Truck, or the provider of the restaurant goods or services.

25. Defendant's breach of the Settlement Agreement is a substantial factor in causing Plaintiff's harm. Defendant's conduct has damaged, and continues to damage Plaintiff the extent that Defendant's (and/or its affiliates' or business partners') goods and/ or services are offered improperly in connection with the **BENIHANA®** Marks, and do not conform to Plaintiff's quality standards, such non-conformity has injured or is likely to injure Plaintiff's reputation and goodwill.

26. As a result of Defendant's conduct and breach of the Settlement Agreement, Plaintiff has been damaged in an amount to be determined at trial.

27. Plaintiff has been and will continue to be irreparably injured by Defendant's conduct. Plaintiff cannot be adequately compensated for these injuries by monetary remedies alone, and Plaintiff has no adequate remedy at law for Defendant's material breach of the Settlement Agreement. Plaintiff is therefore entitled to injunctive relief against Defendant, and, after trial, to recover any damages proven to have been caused, or any profits of Defendant that have been earned unjustly, by reason of Defendant's acts.

## COUNT 2: BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

28. Plaintiff hereby repeats, realleges, and incorporates by reference, as though fully set out herein, the allegations contained in paragraphs 1 through 26 above.

29. California law implies a covenant of good faith and fair dealing that requires each party to the contract to not take actions that deprive the other party of the benefits of the contract.

30. The Settlement Agreement is a binding and enforceable contract between Plaintiff and Defendant, which contains an implied covenant that the parties will act in good faith with respect to the performance of their contractual obligations, and will not frustrate the other party's rights to the benefits of the contract at issue.

31. Defendant breached the implied covenant of good faith and fair dealing in entering into and its performance of the Settlement Agreement by, among other things, using the mark "BEHIBACHI." Although the Settlement Agreement did not expressly state that Defendant could not use the specific word "BEHIBACHI," Defendant's use of this mark that is extremely similar to, and only two letters different from "BENIHIBACHI," is conduct that frustrates Plaintiff's rights and benefits in the Settlement Agreement.

32. By executing the Settlement Agreement and dismissing the Action against Defendant, Plaintiff relied on various promises not only set forth in the Settlement Agreement, but also on the implied covenant of good faith and fair dealing, that Defendant would stop displaying or using any mark that had the same qualities as Defendant's marks that confused consumers, diluted the **BENIHANA®** Marks, and caused damage, injury and harm to Plaintiff's restaurant business.

33. Defendant's conduct in using the mark BEHIBACHI continues to confuse consumers who mistakenly believe that Defendant's goods and services are approved or endorsed by, or affiliated with Plaintiff, to Plaintiff's injury and harm. Because the Settlement Agreement cannot contemplate every permutation of every Alleged Infringing Mark that Defendant agreed to stop using, Plaintiff relied on Defendant's implied covenant of good faith and fair dealing to ensure that Defendant would not use any mark that is prohibited, or confusingly similar to a prohibited mark. Defendant breached its implied covenant by, among other things, using the mark "BEHIBACHI" to wrongfully continue to trade on the goodwill and reputation of Plaintiff, to Plaintiff's detriment.

34. As a result of Defendant's conduct of continuing to use the Alleged Infringing Marks and marks confusingly similar to the Alleged Infringing Marks, Defendant breached its covenant of good faith and fair dealing implied in the Settlement Agreement.

35. As a direct and proximate result of such breach, Plaintiff has been damaged in an amount to be determined at trial.

**COUNT 3: FRAUD IN THE INDUCEMENT**

36. Plaintiff hereby repeats, realleges, and incorporates by reference, as though fully set out herein, the allegations contained in paragraphs 1 through 34 above.

37. On information and belief, at the time Defendant executed the Settlement Agreement, Defendant did not intend to honor its contractual promises when they were made. Margarita Escobedo, the owner of Defendant, signed the Settlement Agreement, and represented and warranted in the Settlement Agreement (Section 15) that she was duly authorized to execute the Settlement Agreement on behalf of Defendant, and to bind Defendant to the terms, conditions, provisions, duties and obligations set forth in the Settlement Agreement.

38. Defendant's actions, including blatantly using one or more Food Trucks prominently displaying the mark "BENIHIBACHI" in Los Angeles in February of 2022 (evidenced in Exhibit C), demonstrate that when entering into the Settlement Agreement, Defendant had no present intent to perform on its promises that it would stop using the Alleged Infringing Marks or any names or source indicia confusingly similar thereto.

39. Defendant fraudulently induced Plaintiff to enter into the Settlement Agreement and dismiss the Action by promising in the Settlement Agreement, among other things, not to use the Alleged Infringing Marks, yet knowingly and intentionally continued, and continues using the Alleged Infringing Marks in commerce to further damage Plaintiff's business, confuse restaurant consumers, and cause Plaintiff to suffer lost profits.

40. Further, Defendant's use of the Alleged Infringing Marks in connection with the sale, offering for sale, distribution or advertising of its goods and services is

continuing to injure Plaintiff's business reputation, cause dilution of the distinctive value of the **BENIHANA®** Marks, all to Plaintiff's irreparable harm.

41. Defendant made promises of future conduct (set forth in Section 5 of the Settlement Agreement, "No Further Use") without any present intent to perform.

42. Defendant concealed and misrepresented to Plaintiff that Defendant had no intention of complying with the Settlement Agreement and no intention of discontinuing its use of the Alleged Infringing Marks in commerce.

43. Plaintiff reasonably relied on Defendant's promises and entered into the Settlement Agreement, and performed the actions required by the Settlement Agreement in good faith, including, without limitation, dismissing the Action against Defendant.

44. As a direct and proximate result of Defendant's fraud in the inducement, Plaintiff has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Noodle Time, Inc. respectfully prays for the following relief against Defendant:

(a) An order declaring that Defendant's continued unauthorized use of the Alleged Infringing Marks and other wrongful conduct described herein infringes Plaintiff's rights in the Settlement Agreement.

(b) An order prohibiting Defendant from continuing to engage in the unlawful, unfair or fraudulent acts or practices alleged herein and requiring Defendant to engage in a corrective advertising or informational campaign.

(c) An order permanently enjoining and restraining Defendant from continuing to breach the Settlement Agreement.

(d) A judgment against Defendant which awards Plaintiff all profits received by Defendant from its misuse of the **BENIHANA®** Marks and all profits received by Defendant and all damages sustained by Plaintiff on account of

Defendant's false suggestion or connection with Plaintiff through the use of the **BENIHANA®** Marks and/or the Alleged Infringing Marks.

(e) $2,500 for each Material Breach committed by Defendant, plus prejudgment and post judgment interest.

(f) All costs and disbursements in this action, pursuant to 15 U.S.C. §§ 1114 and 1117, California Code of Civil Procedure §1033.5. and any other applicable law or statute; and

(g) Any other relief, including temporary restraining orders and preliminary injunctions, that the Court finds warranted and just.

Respectfully submitted,

DATED: April 6, 2022 GARCIA RAINEY BLANK & BOWERBANK LLP

By *\/s/ Jeffrey M. Blank*

JEFFREY M. BLANK
NORMA V. GARCIA
Attorneys for Plaintiff
Noodle Time, Inc.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P.38(b) and Local Rule 38-1, Plaintiff hereby demands a trial by jury on all issues so triable in this action.

DATED: April 6, 2022 GARCIA RAINEY BLANK & BOWERBANK LLP

By *\/s/ Jeffrey M. Blank*

JEFFREY M. BLANK
NORMA V. GARCIA
Attorneys for Plaintiff
Noodle Time, Inc.