UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02320-GW (Ex) | Date | September 9, 2022 |
| --- | --- | --- | --- |
| Title | *Noodle Time, Inc. v. Benihibachi, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
| --- | --- | --- |
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| --- | --- |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER VACATING HEARING AND TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

An Application for Default Judgment is currently set for hearing in this action on September 26, 2022.  However, while reviewing the allegations made in the First Amended Complaint ("FAC") in preparation for that hearing, the Court has determined that plaintiff Noodle Time, Inc. ("Plaintiff") has not properly-alleged a basis for this Court's subject matter jurisdiction.  The Court has an independent obligation to confirm its subject matter jurisdiction over every action before it.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (indicating that courts must assure themselves of the existence of subject matter jurisdiction before proceeding); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (same).

The FAC includes an allegation that "[t]his Court has jurisdiction over Plaintiff's claims against Defendants because Plaintiff and Defendant expressly agreed to submit to the jurisdiction of this Court for any dispute arising out of the Settlement Agreement which resolved a case in this District."  FAC ¶ 3.  That is not an allegation of subject matter jurisdiction.  Parties may not agree to confer subject matter jurisdiction upon a federal court when none otherwise exists.  *See, e.g., Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' *even though the parties are prepared to concede it*.") (emphasis added) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); *Guzman-Andrade v. Gonzales*, 407 F.3d 1073, 1077 (9th Cir. 2005); *Hunter v. United Van Lines*, 746 F.2d 635, 643 n.5 (9th Cir. 1984).

Plaintiff's current Application for Default Judgment contains a section titled "This Court has Jurisdiction to Enter Default Judgment Against Defendants."  Docket No. 24, at 14:8-17:10.  But that section first refers only to the parties' consent to *personal* jurisdiction and what Plaintiff describes as a "forum selection clause" in the settlement agreement.  *See id.* at 14:8-15:12.  Alternatively, it presents

                                                                                            :
                                                        _____
Initials of Preparer    JG

<br>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02320-GW (Ex) | Date | September 9, 2022 |
|---|---|---|---|
| Title | *Noodle Time, Inc. v. Benihibachi, et al.* | | |

an argument for why specific personal jurisdiction exists with respect to the defendants.  *See id.* at 15:13-17:10.  None of this has anything to do with this Court's *subject matter* jurisdiction.

To be clear, the prior action between Plaintiff and defendant Benihibachi *did* present a basis for federal subject matter jurisdiction, because it involved – among others – claims for violation of the Lanham Act, a federal statute.  *See Noodle Time, Inc. v. Benihibachi*, No. 2:20-cv-10612-DSF-AFM, Docket No. 1 (C.D. Cal. Nov. 20, 2020).[1]  But at this point in time, this current action is simply primarily a breach of contract action, presenting – as the FAC admits – claims only "aris[ing] under California common law."  FAC ¶ 2; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) ("The short of the matter is this:  The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit.  No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute.").  Absent demonstration of the prerequisites for *diversity* jurisdiction, it is unclear how Plaintiff can hope to have this case litigated in this forum.

The parties to the earlier action might have avoided this jurisdictional problem had they included in their settlement agreement a provision that would have allowed the court handling the earlier action to retain jurisdiction in the event of a breach of the settlement agreement, but at least at first glance no such provision appears in the settlement agreement itself.  *See Hajro v. U.S. Citizenship & Immigration Servs.*, 811 F.3d 1086, 1099 (9th Cir. 2016) (If a district court wishes to retain jurisdiction to later enforce the terms of a settlement agreement, the order dismissing a case with prejudice must incorporate the terms of the settlement agreement or expressly retain jurisdiction.").  Instead, the only relevant provision the Court has observed *in the settlement agreement*[2] – the only document Plaintiff has

---

[1] No Notice of Related Case has been filed in this case.

[2] Although it does not appear to have been mentioned as a source of jurisdiction in either the FAC or in Plaintiff's Application for Default Judgment, in the earlier case Plaintiff and defendant Benihibachi filed a "Stipulated Notice of Settlement and Dismissal" on July 14, 2021.  *See Noodle Time, Inc. v. Benihibachi*, No. 2:20-cv-10612-DSF-AFM, Docket No. 29 (C.D. Cal. July 14, 2021).  In that document, after indicating that they had settled and agreed to dismiss the case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the parties stated that they "further agree and *request* that this Court shall retain jurisdiction for three years to enforce any and all portions of the Settlement Agreement in the event of default or breach," and that "[t]he effectiveness of this stipulation of dismissal is explicitly conditioned on the Court's *entry of an order* retaining jurisdiction for three years."  *See id.* at 1:4-13 (emphases added); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) ("When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action 'shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper,' the parties' compliance with the terms of the settlement contract (or the court's 'retention of jurisdiction' over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order.  Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms

Initials of Preparer    JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02320-GW (Ex) | Date | September 9, 2022 |
|---|---|---|---|
| Title | *Noodle Time, Inc. v. Benihibachi, et al.* | | |

identified in either its FAC or its Application for Default Judgment as purportedly-establishing a basis for jurisdiction – is paragraph 18, which states only that "[a]ny dispute or controversy arising out of or relating to this Agreement shall be commenced and heard only in United States District Court for the Central District of California." FAC, Exh. A, ¶ 18. But, again, parties may not agree to confer subject matter jurisdiction upon a federal court where none otherwise exists.

The Court will grant Plaintiff the opportunity to identify a proper basis for this Court's subject matter jurisdiction, if it can do so, and to indicate how it will further amend its allegations in this case to establish such a basis. As a warning, however, any further amendment of its pleadings in this case will, in all likelihood, be deemed to have "opened up" the defaults taken in this case, requiring Plaintiff to once again serve the defendants, thereby giving them a renewed opportunity to respond, if they so desire.

If Plaintiff cannot present a colorable basis for this Court's subject matter jurisdiction, it should voluntarily dismiss the action without prejudice, or the Court will enter an order to that effect should the inability to make that allegation otherwise become clear.

Plaintiff will have until September 23, 2022, to respond to this Order. The Court vacates the September 26, 2022, hearing set on Plaintiff's Application for Default Judgment.

It is so ordered.

---

empower a district cour to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract[] if the parties agree."); *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1268-69 (9th Cir. 1996). But despite those terms of the parties' Stipulated Notice of Settlement and Dismissal in that action, the docket in that case does not reveal that the District Court ever entered any such order (or even that the parties presented the court with a proposed order to that effect). *See Kokkonen*, 511 U.S. at 381 ("The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order."). The action is simply listed, on that case's docket, as having terminated on July 14, 2021. Even if the earlier action had resulted in a court order consistent with the terms of the parties' Stipulated Notice of Settlement and Dismissal, the question here would still remain why would the parties have a right to take action consistent with the terms of the Stipulated Notice of Settlement and Dismissal (and hypothetical consistent court order) by filing *an entirely new lawsuit*, as opposed to filing an appropriate motion in the previous action?

_____ : _____

Initials of Preparer     JG